J-S73037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JELANIE T. VIRGO, | : | |
| | : | |
| Appellant | : | No. 1068 MDA 2014 |

Appeal from the PCRA Order entered on June 11, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, No. CP-36-CR-0003681-2012

BEFORE: BOWES, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:             **FILED DECEMBER 30, 2014**

Jelanie T. Virgo ("Virgo"), *pro se*, appeals from the Order dismissing

his first Petition for relief filed pursuant to the Post Conviction Relief Act

("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court thoroughly set forth the relevant facts and procedural

history underlying this appeal in its Opinion, and we incorporate the court's

recitation herein by reference. ***See*** PCRA Court Opinion, 8/8/14, at 1-5.[1]

On appeal, Virgo presents the following issues for our review:

> 1. Did [the] PCRA court err in not finding trial counsel
> ineffective for his failure to adopt and amend [Virgo's *pro
> se*] pre-trial motion(s), hence depriving [Virgo] of his
> defense?[]

---

[1] As noted in the PCRA court's Opinion, Virgo was represented during the
pre-trial and guilty plea proceedings by Christopher Lyden, Esquire, who we
will hereinafter refer to as "trial counsel."

2. Did [the] PCRA court err in not finding trial counsel ineffective for his failure to challenge the violations of [the] Pennsylvania Wiretapping [and Electronic Surveillance] Act[, 18 Pa.C.S.A.] § 5701 *et seq.* [(hereinafter "Wiretap Act")]?[]

3. Did [the] PCRA court err in not finding trial counsel ineffective for his failure to adopt and amend [Virgo's *pro se*] motion(s) to impeach and challenge the record keeping requirements of the buy money, video of crime, phone records of Officer [Robert] Whiteford, and drugs?[]

4. Did [the] PCRA court err in not finding [that the] trial court abused it's [*sic*] discretion by not conducting [a] hearing [concerning Virgo's *pro se*] Motion to Remove Counsel?[]

Brief for Appellant at 4 (capitalization and quotation marks omitted).

The applicable standards of review regarding the dismissal of a PCRA petition and ineffectiveness claims are as follows:

Our standard of review of a PCRA court's [dismissal] of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

* * *

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

- 2 -

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

We simultaneously address Virgo's first three issues, as they are related and all allege ineffectiveness of trial counsel. Virgo argues that trial counsel was ineffective for (1) failing to adopt or amend Virgo's several *pro se* pre-trial Motions, including a Motion to suppress evidence; and (2) failing to challenge alleged violations of the Wiretap Act. ***See*** Brief for Appellant at 8-16.

In its Pa.R.A.P. 1925(a) Opinion, the PCRA court thoroughly addressed, and rejected, Virgo's above-mentioned ineffectiveness claims, and adeptly discussed the applicable law in support of its determination that trial counsel was not ineffective. ***See*** PCRA Court Opinion, 8/8/14, at 7-14. Our review confirms that the PCRA court's analysis is supported by the record and the law, and we therefore affirm on this basis in rejecting Virgo's first three issues. ***See id.***

In his final issue, Virgo contends that the PCRA court erred by failing to find that the trial court abused its discretion by not conducting an evidentiary hearing regarding Virgo's *pro se* "Motion to Dismiss Counsel and Appoint New Counsel" (hereinafter "Motion to Remove Counsel").[2] ***See*** Brief for Appellant at 17-18. In this Motion, Virgo requested the removal of trial counsel, and the appointment of new counsel, based on trial counsel's failure

---

[2] Virgo filed the Motion to Remove Counsel two weeks prior to pleading guilty in May 2013, at which hearing Virgo was represented by trial counsel.

to adopt or amend Virgo's various *pro se* pre-trial Motions. According to Virgo, the trial court's error in this regard deprived him of a fair trial, and the PCRA court thus erred by failing to grant Virgo a new trial on this basis. ***See id.*** at 18.

The PCRA court addressed this claim in its Opinion and determined that Virgo had waived it by failing to raise it in the trial court or on direct appeal, and that even if it was not waived, the claim does not entitle Virgo to relief. ***See*** PCRA Court Opinion, 8/8/14, at 14-16. We affirm with regard to this issue based upon the PCRA court's sound rationale, which is supported by the law and the record. ***See id.***[3]

Moreover, after reviewing the claims that Virgo presented in his response to his PCRA counsel's Motion to Withdraw as Counsel, and his response to the PCRA court's Pa.R.Crim.P. 907 Notice of intent to dismiss Virgo's PCRA Petition, we determine that the PCRA court properly held that none of these claims entitles Virgo to collateral relief.

Accordingly, because we conclude that the PCRA court neither abused its discretion nor committed an error of law by dismissing Virgo's PCRA Petition, we affirm the Order on appeal.

Order affirmed.

---

[3] We additionally observe that Virgo's claim of trial court error is not a cognizable claim under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2) (listing the cognizable claims under the PCRA).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2014